FILED
SUPERIOR COURT
OF GUAM

2019 FEB 20 PM 1: 27

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0241-16 |
| vs. | **DECISION AND ORDER** |
| DEVIN TAYLOR TAITANO POTTS,<br><br>Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on November 28, 2018, for hearing on Defendant Devin Taylor Taitano Potts' ("Defendant") Motion to Sever Counts. Defendant was not present, but was represented by counsel, Attorney Delia Wolff. Assistant Attorney General James C. Collins was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On April 14, 2018, Defendant was indicted with two counts of Possession of a Schedule II Controlled Substance (As a Third Degree Felony).[1] (Indictment, Apr. 14, 2018). Count One alleges that Defendant possessed a Schedule II Controlled Substance on or about November 24,

---

[1] The Indictment also charges co-defendant Marcus Damian with one count of Possession of a Schedule II Controlled Substance (As a Third Degree Felony). Co-defendant Damian entered into a global plea agreement with the Government on December 13, 2017, and is currently serving a sixty-two (62) month sentence at the Department of Corrections. *See* Plea Agreement, Dec. 29, 2017; Judgment, Sep. 20, 2018.

2015, while Count Two alleges that Defendant possessed a Schedule II Controlled Substance on or about February 12, 2016. *Id.* Both counts stem from the discovery of suspected methamphetamines in Defendant's possession during a traffic stop.

On October 8, 2016, Defendant filed the instant Motion. On October 22, 2018, the Government filed its Opposition. No Reply was filed. On November 28, 2018, the Court heard oral arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to sever the two counts of Possession of a Schedule II Controlled Substance for trial pursuant to 8 G.C.A. § 65.35. *See generally*, Mot., Oct. 8, 2018.

Under Guam law, two or more offenses may be charged in the same indictment "if the offenses charged are of the same or similar character or based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 G.C.A. § 55.35.[2] However, "if it appears that a defendant or the government is prejudiced by a joinder of offenses . . . in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts. . . " 8 G.C.A. § 65.35.

When determining whether offenses are properly joined, courts traditionally consider "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995) (citations omitted). Furthermore, "the validity of the joinder is determined solely by the allegations in the indictment." *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007) (citing *United States v. Terry*, 911 F.2d 272 (9th

---

[2] Section 55.35 is substantially the same as Rule 8 of the Federal Rules of Criminal Procedure. *See* 8 G.C.A. § 55.35, Note. Rule 8(a) provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8.

Cir. 1990)). "At least one of Rule 8(a)'s three conditions must be satisfied for proper joinder, and 'those conditions, although phrased in general terms, are not infinitely elastic.'" *Id.* at 573 (citation omitted). "[T]he primary purpose of Rule 8(a) joinder is to ensure that a given transaction need only be proved once. . . . Where there is substantial overlap in evidence between two offenses, joinder eliminates the need to prove substantially the same evidence twice over, thus realizing precisely the kind of economy envisaged by Rule 8(a)." *Howerton v. United States*, 964 A.2d 1282, 1292 (D.C. 2009). (citations, internal quotation marks, and alterations omitted). *See also Terry*, 911 F.2d at 276 ("When . . . joined offenses are not connected and are not provable by the same evidence, joinder is improper.").

Here, Defendant argues that it will be extremely prejudicial for the counts to be tried together in front of a jury, that the charged acts are "separate and distinct from each other," and there is no evidentiary overlap. (Mot. at 3). The Government, in opposition, argues that both counts involve simple drug possession resulting in a "joint arrest" in March 2016, there is not a significant period of time lapsing between both incidents, and that testimony will overlap for both incidents concerning Defendant's "discussions with law enforcement in regards to potential co-operation and his later simultaneous arrest." (Opp'n at 3).

Accordingly, the issues before the Court are whether joinder is appropriate under the "same or similar character" prong and whether Defendant is prejudiced by such joinder. The "same or similar character" prong "is the most amorphous and controversial of the three grounds for joinder." *Id.* at 575.

> Numerous courts and commentators have questioned the logic and fairness of such a rule. *See e.g., Randazzo*, 80 F.3d at 627 ("It is obvious why Congress provided for joinder of counts that grow out of related transactions ...; the reasons for allowing joinder of offenses having 'the same or similar character' is less clear."); *Halper*, 590 F.2d at 430 ("When all that can be said of two separate offenses is that they are of the 'same or similar character,' the customary justifications for joinder (efficiency and economy) largely disappear.... At the same time, the risk to the defendant in such circumstances is considerable."); Note, *Joint and Single Trials under Rule 8 and 14 of the Federal Rules of Criminal Procedure,* 74 Yale L.J. 553, 560 (1965) (recommending "abolition of joinder of similar offenses under Rule 8" given its "lack of utility" and risk of

prejudice to the defendant); 1A Charles Alan Wright, Federal Practice And Procedure § 143 (3d ed. 1999) ("Joinder on this ground poses obvious dangers of prejudice to the defendant.... [I]t may fairly be asked whether joinder of this kind should ever be allowed. If the offenses arise out of separate and unrelated transactions, there is likely to be little saving in time and money in having a single trial.").

*Id.* The Court "consider[s] factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims in assessing whether an indictment meets the 'same or similar character prong." *Id.* at 578.

The Court acknowledges that the two offenses charged here are identical: Defendant is charged with two counts of Possession of a Schedule II Controlled Substance, that is, an amphetamines-based substance, occurring at two different times, roughly three months apart. Although there may be some evidence that overlaps as to any discussion Defendant may have had with law enforcement regarding cooperation, as the Government argues, the Court does not find that the likelihood of such evidentiary overlap trumps any potential prejudice to Defendant. Accordingly, the Court will grant Defendant's Motion to Sever Counts.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Sever Counts. Separate trials will occur for each count of Possession of a Schedule II Controlled Substance. Further Proceedings are set for ___3/5/19___ at 9:00 a.m.

**IT IS SO ORDERED** this _30th_ day of February, 2019.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto ... placed in the court box of:

_AG, D. Wolff_

Date:_2/20/19_ Time: _1:14_

**Rosalind C. Balajadia**
Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Potts*
Case No. CF0241-16
Decision and Order